UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

EDUARDO FLORES and JASON HODGES,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

GLOBAL CONCESSIONS, INC.,
GATEWAY AIRPORT CONCESSIONS, INC.,
AIRPORT CONCESSIONS GROUP, INC.
d/b/a MIAMI GLOBAL JOINT VENTURES
and FELIPE VALLS, JR., individually,

      Defendants.
_____/

## COMPLAINT

COME NOW Plaintiffs, EDUARDO FLORES and JASON HODGES, by and through their undersigned counsel, and on behalf of themselves and all others similarly situated, and sue the Defendants, GLOBAL CONCESSIONS, INC. (hereinafter, referred to as "GC"), GATEWAY AIRPORT CONCESSIONS, INC. (hereinafter, referred to as "GAC"), AIRPORT CONCESSIONS GROUP, INC. (hereinafter, referred to as "ACG"), d/b/a MIAMI GLOBAL JOINT VENTURES and FELIPE VALLS, JR., individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

    1.    That Plaintiffs, current and former employees of the Defendants, bring this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiffs were non-exempt employees hired by the Defendants on an hourly basis, but the Defendants willfully refused to properly tip-credit the Plaintiffs, and all others similarly situated, as required under Federal law.

    2.    That jurisdiction is conferred on this Court by 29 U.S.C. § 203(m).

1

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiffs were and are presently residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiffs, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, FELIPE VALLS, JR., individually, acted directly in the interests of his employer, the Defendant, GC, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, GC, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, GC, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Defendant, GAC, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

9. That at all times material hereto, Defendant, ACG, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

10. That at all times material hereto, Plaintiffs, and all others similarly situated, were 'engaged in commerce' within the meaning of the FLSA.

11. That on or about January 15, 2017, the Plaintiff, JASON HODGES, began employment with the Defendants. And on or about October of 2014, the Plaintiff, EDUARDO FLORES began employment with the Defendants.

12. During their employment, Defendants had Plaintiffs, and all other similarly situated non-exempt employees under the FLSA, work for Defendants for less than minimum wage as they were a part of a tip-pool.

13. However, the Defendants willfully refused to properly compensate the Plaintiffs, and all other similarly situated non-exempt employees under the FLSA, by improperly sharing the tip-pool proceeds with other individuals who were not customarily and regularly tipped, including management, as prohibited by the FLSA.

14. That all records concerning the tip-pool amounts actually received by the Defendants are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiffs are unable to state at this time the exact amount due.

15. Nevertheless, Plaintiffs can make estimated calculations of tip-pool amounts owed, and Plaintiffs will exert their collective diligent efforts to obtain more specific calculations as the case progresses, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiffs.

16. Specifically, Plaintiff, EDUARDO FLORES, was working 40 hours per week, with an hourly pay rate of $5.60 per hour, but based upon calculations, was shorted weekly on his tip sharing amount by $115 to $135 from 2017 and ongoing.

17. Plaintiff, EDUARDO FLORES was having these tips retained by management, and therefore Plaintiff, EDUARDO FLORES is entitled to full minimum wage differential ($1.65) for all hours worked.

18. Fairly averaging this unpaid amount to $66 per week (40 x 1.65), Plaintiff, EDUARDO FLORES, should have received approximately $3,432.00 annually.

19. As for Plaintiff, JASON HODGES, he was working 40 hours per week, with an hourly pay rate of $6.25 per hour, but based upon calculations, was shorted weekly on his tip sharing amount by $115 to $135 from 2017 up to his termination on November 10, 2019.

20. Plaintiff, JASON HODGES, was having these tips retained by management, and therefore Plaintiff, JASON HODGES is entitled to full minimum wage differential ($1.00) for all

hours worked.

21. Fairly averaging this unpaid amount to $40 per week (40 x 1.00), Plaintiff, JASON HODGES, should have received approximately $2,080.00 annually.

## COUNT I
## FLSA – GC

Plaintiffs, on behalf of themselves and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

22. That Plaintiffs, and all others similarly situated, are entitled to minimum wages compensation for the aforementioned time periods, pursuant to the FLSA.

23. That by reason of the intentional, willful and unlawful acts of the Defendant, GC, in violation of the FLSA, Plaintiffs, and all others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiffs, EDUARDO FLORES and JASON HODGES, on behalf of themselves and others similarly situated, demand judgment against the Defendant, GC, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – GAC

Plaintiffs, on behalf of themselves and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

24. That Plaintiffs, and all others similarly situated, are entitled minimum wages compensation for the aforementioned time periods, pursuant to the FLSA.

25. That by reason of the intentional, willful and unlawful acts of the Defendant, GC, in violation of the FLSA, Plaintiffs, and all others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiffs, EDUARDO FLORES and JASON HODGES, on behalf of themselves and others similarly situated, demand judgment against the Defendant, GAC, for all

damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA – ACG

Plaintiffs, on behalf of themselves and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

26.     That Plaintiffs, and all others similarly situated, are entitled to minimum wages compensation for the aforementioned time periods, pursuant to the FLSA.

27.     That by reason of the intentional, willful and unlawful acts of the Defendant, GC, in violation of the FLSA, Plaintiffs, and all others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiffs, EDUARDO FLORES and JASON HODGES, on behalf of themselves and others similarly situated, demand judgment against the Defendant, ACG, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA –FELIPE VALLS, JR.

Plaintiffs, on behalf of themselves and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

28.     That Plaintiffs, and all others similarly situated, are entitled to minimum wages compensation for the aforementioned time periods, pursuant to the FLSA.

29.     That by reason of the intentional, willful and unlawful acts of the Defendant, FELIPE VALLS, JR., in violation of the FLSA, Plaintiffs, and all others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiffs, EDUARDO FLORES and JASON HODGES, on behalf of themselves and others similarly situated, demand judgment against the Defendant, FELIPE VALLS,

JR., for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, EDUARDO FLORES and JASON HODGES, demand trial by jury.

Dated: June 23, 2020.                          Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920