UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-22607-ALTMAN

EDUARDO FLORES and JASON HODGES,
on behalf of themselves and others similarly
situated,

    Plaintiffs,

v.

GLOBAL CONCESSIONS, INC.,
GATEWAY AIRPORT CONCESSIONS,
INC., AIRPORT CONCESSIONS GROUP,
INC., d/b/a GLOBAL MIAMI JOINT
VENTURES and FELIPE VALLS, JR.,
Individually,

    Defendants.

_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND DISMISS WITH PREJUDICE PLAINTIFFS' COMPLAINT**

COMES NOW, Plaintiffs, EDUARDO FLORES and JASON HODGES, (hereinafter Plaintiffs), and Defendants, GLOBAL CONCESSIONS, INC., GATEWAY AIRPORT CONCESSIONS, INC., AIRPORT CONCESSIONS GROUP, INC., and FELIPE VALLS JR., (hereinafter "Defendants"), by and through their respective undersigned counsel and pursuant to Local Rule 7.1, Local Rules for the United States District Court Southern District of Florida, hereby file this *Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice Plaintiffs' Complaint*, and state the following in support thereof:

1. In June 23, 2020, Plaintiffs filed a civil action against Defendants in the United States District Court, Southern District of Florida, to which case number 20-CV-22607-RKA was assigned.

2. Plaintiffs allege in their complaint minimum wage claims under the Fair Labor Standards Act of 1938 (FLSA).

3. Defendants deny Plaintiffs' allegations of unlawful conduct and/or liability. More specifically, there are disputed issues of fact and law as to, *inter alia*: (a) whether Plaintiffs received all their tips; (b) whether Plaintiffs could establish a willful violation to trigger the FLSA's three (3) year (versus two (2) year) statute of limitations; (c) the method of calculating Plaintiff's alleged minimum wages, if any; and (d) whether Defendants can establish a good faith basis to avoid the imposition of liquidated damages.

4. To avoid the costs and uncertainty of litigation, however, the parties negotiated a settlement of this matter on July 29, 2020, after several settlement conferences and negotiations.

5. This negotiated settlement agreement brings all disputes between the parties to a close pertaining to the FLSA and state and local minimum wage and overtime laws and regulations, including all pending litigation.

6. Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for minimum wages and/or overtime compensation arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

7. In addition to the consideration to be paid by Defendants to Plaintiffs to resolve their underlying claims as set forth in the parties' settlement agreement, Defendants have also agreed to resolve Plaintiffs' claims for attorney fees and costs as set forth in the settlement agreement, which amount was negotiated separately from and without regard to the consideration being paid to settle Plaintiffs' underlying FLSA claims.

8. Accordingly, the parties respectfully request that the Court review and approve the parties' settlement agreement attached hereto as Exhibit A.[1]

9. The parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiffs' FLSA claims. The parties also stipulate that the settlement reached between them advances judicial economy.

10. The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the settlement agreement.

WHEREFORE, Plaintiffs' EDUARDO FLORES and JASON HODGES, and Defendants, GLOBAL CONCESSIONS, INC., GATEWAY AIRPORT CONCESSIONS, INC., AIRPORT CONCESSIONS GROUP, INC., and FELIPE VALLS JR., respectfully request that this Court approve the parties' settlement agreement, and dismiss with prejudice Plaintiffs' Complaint.

Respectfully submitted this 26th day of August, 2020.

---

[1] The settlement agreement attached hereto as Exhibit A was filed without Defendants executing in order to avoid delay of the approval process. Counsel for Defendants is authorized to represent that Defendants will sign the settlement agreement submitted for Court approval.

By: s/ Chad E. Levy
Chad E. Levy, Esq.
(Fla. Bar ) 0851701
David Cozad, Esq.
(Fla. Bar ) 333920
The Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway,
Sunrise, FL  33323
Telephone:  (954) 763-5722
Fax:  (954) 763-5723
E-Mail: chad@levylevylaw.com
E-Mail: david@levylevylaw.com
Counsel for Plaintiffs

By: s/ Reynaldo Velazquez
Reynaldo Velazquez, Esq.
Florida Bar No. 0069779
FORDHARRISON
One S.E. Third Avenue
Suite 2130
Miami, Florida  33131
Telephone:  (305) 808-2100
Fax:  (305) 808-2101
E-mail:  rvelazquez@fordharrison.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Chad Levy, Esq.
David M. Cozad, Esq.
Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile:  (954) 763-5723
chad@levylevylaw.com
david@levylevylaw.com
Attorneys for Plaintiffs

/s/ Reynaldo Velazquez
Counsel for Defendants

WSACTIVELLP:11671527.1

4