UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-22607-ALTMAN/GOODMAN

EDUARDO FLORES, et al.,

    Plaintiffs,
v.

GATEWAY AIRPORT CONCESSIONS, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON FLSA SETTLEMENT

United States District Judge Roy K. Altman referred the Parties' Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice Plaintiffs' Complaint. [ECF Nos. 18; 21]. The Undersigned held a fairness hearing on September 10, 2020, during which the Undersigned heard from counsel regarding the fairness of the settlement of Plaintiffs' claim alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [ECF Nos. 19; 22].

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum

wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Undersigned considered the factors outlined in *Lynn's Food Stores* and the strengths of the parties' cases; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Undersigned finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiffs more than Defendants believe Plaintiffs are due under the law. The parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned also reviewed Plaintiffs' counsel's billing records. [ECF No. 20-2]. The Undersigned finds that counsels' billing rates of $375 per hour and $315 per hour are reasonable. The records also show that Plaintiffs' counsel significantly discounted their total fees and costs from $5,513 to $2,500. Therefore, the Undersigned finds that Plaintiffs' counsel's fees are reasonable in light of their agreement to accept significantly less than the fee total in order to reach a settlement.

The Undersigned also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Undersigned further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, the Undersigned **respectfully recommends** that Judge Altman find that the parties' settlement agreement is fair and reasonable, approve the settlement, and **dismiss** this action with prejudice. The Undersigned also recommends that Judge Altman reserve jurisdiction to enforce the terms of the parties' settlement, **close** the case, and **deny** all pending motions as moot.

## OBJECTIONS[1]

The parties shall have **two** calendar days from the date of this report to file written objections, if any, with the District Judge. Each party may file a response to the other

---

[1] The time for objections and responses is being shortened because the motion for settlement approval was jointly filed.

party's objection within **two** calendar days from the date of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report, and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this report, except upon grounds of plain error and if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on September 10, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Roy K. Altman
All counsel of record