**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-22607-CIV-ALTMAN/Goodman**

**EDUARDO FLORES**, *et al.*,

    *Plaintiffs*,

v.

**GATEWAY AIRPORT CONCESSIONS, INC.**, *et al.*,

    *Defendants*.

_____/

**ORDER**

On August 26, 2020, the parties filed a Joint Motion to Approve Settlement [ECF No. 18] (the "Motion"). On September 10, 2020, U.S. Magistrate Judge Jonathan Goodman issued a Report and Recommendation [ECF No. 23] (the "R&R"), recommending that this Court (1) "find that the parties' settlement agreement is fair and reasonable," (2) "approve the settlement," and (3) "dismiss this action with prejudice." *See* R&R at 3 (emphasis omitted). In his R&R, Judge Goodman also warned the parties that they "shall have two calendar days from the date of this report to file written objections." *Id.* (emphasis omitted). No party has objected, and the time to do so has passed.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only when objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does

not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the Complaint, the record, and the applicable law and finds no clear error in the R&R. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 23] is **ADOPTED**.

2. The Motion [ECF No. 18] is **GRANTED**.

3. The Settlement Agreement [ECF No. 18-1] is **APPROVED**.

4. This case is **DISMISSED with prejudice**, with each party to bear its own costs and fees, except as otherwise agreed.

5. All other pending motions are **DENIED as moot**. Any pending deadlines and hearings are **TERMINATED**.

6. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of September 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record